UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


CHARLES CURTIS, et al.,         )
                                  )
            Plaintiffs,      )
                                  )
v.                           )        No. 3:06-cv-448
                                  )        (Phillips/Shirley)
ALCOA INC., individually and as    )
Fiduciary of the Employees' Group   )
Benefits Plan of Alcoa, Inc., Plan II,  )
                                  )
           Defendant.     )


## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 49] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the defendant's Motion to Shorten Response Time and for Expedited Consideration [Doc. 48]. The Court held a hearing on this motion by telephone on April 27, 2007. Participating on behalf of the plaintiffs was attorney Gregory F. Coleman. Participating on behalf of the defendant were attorneys John A. Lucas and James P. Naughton.

The defendant Alcoa Inc. ("Alcoa") moves the Court for an Order shortening the plaintiffs' time to respond to the defendant's interrogatories and request for production of documents, which were served on April 24, 2007. [Doc. 48]. For grounds, Alcoa argues that the plaintiffs' motion for preliminary injunction raises numerous factual issues regarding the plaintiffs' claims of extreme financial hardship and irreparable harm. Specifically, Alcoa cites the fact that

each of the thirty declarations filed by the plaintiffs make highly individualized, fact-intensive claims of extreme hardship, and that some of the declarations set forth hearsay statements that the plaintiffs attribute to union officials and company representatives. Alcoa contends that it is entitled to conduct discovery to explore these claims of financial hardship, as well as to test the veracity of the cited hearsay statements.

Based upon the arguments of counsel and review of the entire record as a whole, the Court finds that the parties are entitled to engage in limited discovery with respect to the preliminary injunction issue. Accordingly, the defendant's Motion to Shorten Response Time and for Expedited Consideration [Doc. 48] is hereby **GRANTED** to the extent that it is hereby **ORDERED:**

(1) The parties may engage in limited discovery related to the motion for preliminary injunction until **June 25, 2007**;

(2) During this limited discovery period, the parties shall be entitled to depose union representatives for one (1) full day; each side will also be entitled to take an additional ten (10) depositions each, with 3-4 hours per deposition being deemed presumptively reasonable;

(3) The defendant's written discovery is limited to the extent reflected in the redlined copy of these discovery requests, attached hereto as Exhibit A;

(4) The plaintiffs' responses to the defendant's written discovery shall be served on or before **May 14, 2007**; and

(5) The deadline for the defendants' response to the plaintiffs' motion for preliminary injunction shall remain **May 25, 2007**.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.    
United States Magistrate Judge