UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHARLES CURTIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-448 |
| | ) | (PHILLIPS/SHIRLEY) |
| ALCOA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

The parties came before the undersigned on March 25, 2008 for a telephone conference concerning a discovery dispute as to whether Defendant Alcoa is obligated to produce electronic documents from two new custodians, Joseph Lucot and Julie Caponi. Attorneys Andrew Schwaba and Robert Catapano-Friedman participated on behalf of Plaintiffs. Attorneys Daniel Slifkin, John Lucas, and Elizabeth Kennedy participated on behalf of Defendant.

Rule 34 of the Federal Rules of Civil Procedure provides that electronic discovery may be had, subject to the general discovery guidelines established by Rule 26(b). Fed.R.Civ.P. 34(a). Rule 26(b) provides, in pertinent part, that:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. See Lewis v. ACB Business Services, Inc., 135 F.3d 389, 402 (6th Cir. 1998). However, under the Rules, the Court may limit the

> [F]requency or extent of the discovery methods otherwise permitted under these rules ... if [the court] determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed.R.Civ.P. Rule 26(b)(2)(C).

As a threshold matter, the Court notes the parties have been cooperative thus far regarding the scope and search terms to be used in conducting electronic discovery. While this Court has directed certain search terms to be used, [See Doc. 206], the parties have also participated in meetings and have agreed to certain search terms without the Court's intervention. Furthermore, for the most part, the parties have been able to reach an agreement as to which custodian's electronic documents to search. However, the parties have come to an impasse regarding whether two additional custodians, Joseph Lucot and Julie Caponi, should be added to the previously established list of twenty-three.

While the Court made clear its concern that running a search of Mr. Lucot's electronic documents may be duplicative in light of Defendant's contention that Mr. Lucot's name was used as a search term in searching the other custodians' electronic documents, nonetheless, the parties are **DIRECTED** to participate in an additional meet and confer as to these two additional custodians

and are to agree on the search terms to be used. The Court suggests refraining from using Mr. Lucot's name as a search term when searching his electronic documents. Defendant is then **DIRECTED** to run the searches with the agreed upon terms and inform Plaintiffs' counsel of the result of the search (*e.g.*, number of documents, "hits"), at which time, the parties shall confer further as to whether or not to proceed with reviewing these documents for privileged information. The Court further **DIRECTS** Defendant to keep track of the time and the cost involved in running the searches as well as the time and cost (if any) involved in reviewing the documents for privileged information should the Court consider some form of cost-shifting application. However, at this time, this Court reserves ruling as to which party shall ultimately bear the cost for the requested discovery.

    **IT IS SO ORDERED.**

                                      **ENTER:**

                                       <u>s/ C. Clifford Shirley, Jr.</u>
                                       United States Magistrate Judge