UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHARLES CURTIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-448 |
| | ) | (PHILLIPS/SHIRLEY) |
| ALCOA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

On April 8, 2008, this civil action came before the Court for a telephone conference regarding a discovery dispute pursuant to the Scheduling Order [Doc. 175 at ¶4(i)] entered by the Honorable Thomas W. Phillips, United States District Court Judge. Attorneys Greg Coleman, Robert Catapano-Friedman, Andrew Schwaba, and Mona Lisa Wallace appeared on behalf of the plaintiffs, while attorneys John Lucas, Elizabeth Kennedy, Daniel Slifkin, and Jim Theuer appeared on behalf of the defendant.

The parties came before the Court to seek its guidance in resolving a dispute over how the parties should proceed in relation to a dispute concerning allegedly privileged documents which were inadvertently disclosed, though there was a disagreement between the parties as to the privileged nature of the documents. After considering the Protective Order in this matter, coupled with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure, the Court determined, and the parties agreed, that the following would be the appropriate procedure for handling disputes of this nature:

> (1) Once a party is advised, or otherwise discovers, that it is in receipt of allegedly privileged or protected documents or information (the "Information") that was inadvertently disclosed, the recipient of the Information (the "Recipient") shall make no further use of the

Information until such time as the question of the privileged or protected nature of the Information is resolved.

(2)     If the Recipient agrees that the Information was inadvertently disclosed and is privileged or otherwise protected from disclosure, Recipient will return to the disclosing party or destroy all copies of the Information.

(3)     If the Recipient disputes the disclosing party's claim(s) of inadvertent disclosure, privilege, or protection, the Recipient may file a motion seeking determination of those issues. The motion, itself, shall not quote, nor otherwise reveal with any specificity the nature or extent of the Information, but shall instead be limited to general references so as not to risk corruption of the record. The Recipient may file one copy of the Information under seal with the Court, but must return or destroy all other copies. The disclosing party remains under a duty to retain its original or copy of the Information.

(4)     Except as described above, the Recipient shall destroy all other copies of the Information, as well as all excerpts, abstracts, summaries, or descriptions thereof .

(5)     Additionally, because of the limited nature of the disputed use of the Information during depositions heretofore taken, any transcripts containing references to the Information shall be temporarily redacted so as to remove any reference to the Information. If it is determined that the Information is not protected, the transcripts shall be returned to their unredacted state.

**IT IS SO ORDERED.**

             ENTER:

              s/ C. Clifford Shirley, Jr.
              United States Magistrate Judge