UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHARLES CURTIS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:06-CV-448 |
| | ) | (PHILLIPS/SHIRLEY) |
| ALCOA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court,

and by the Orders [Docs. 186, 286, 294] of the Honorable Thomas W. Phillips, United States District

Judge, for disposition of the plaintiffs' Motion to Compel [Doc. 280] and Supplemental Motion to

Compel. [Doc. 289] The Court has heard argument on each of these motions, and they are now ripe

for adjudication. The Court will address each motion in turn.

**I.      Supplemental Motion to Compel [Doc. 289]**

On January 15, 2008, the plaintiffs filed their motion to compel, for protective order, and for

sanctions, seeking to compel the defendant to produce certain documents the defendant had

identified as attorney-client privileged, seeking to compel the defendant to conduct electronic

discovery using specific search terms, and seeking to preclude the defendant from any further

obstruction of the discovery process. [Doc. 183] On February 20, 2008, the parties appeared before

the Court for a hearing on the motion. On March 25, 2008, the Court entered an Order which ruled

on the issue of electronic discovery, reserved the issues of sanctions and a protective order, and set

forth a four step process for the parties to follow regarding the documents to which the attorney-

client privilege had been raised.  [Doc. 206]

The four step process required (1) that the defendant review all remaining documents for which the attorney-client privilege had been raised and to then produce any documents which were not properly privileged and to produce revised privilege log setting forth the necessary details as to any remaining privileged documents; (2) that the parties then meet and confer to ensure that the plaintiffs were in receipt of all documents that the defendant believed it had produced; (3) that the plaintiffs would then have leave to file a supplemental motion to compel as to any documents remaining on the privilege log which the plaintiffs believed they were entitled to; and (4) should the plaintiffs believe that they were still entitled to the production of documents relating to third party consultants after consideration of the statements made during the February hearing by defense counsel as to the nature of the relationship between the defendant and the consultants, the plaintiffs could raise that issue in the supplemental motion described in Step 3.  [Id.]

After complying with the procedures set forth above, the plaintiffs filed the instant supplemental motion to compel [Doc. 289] in which they sought the production of thirty-one documents from the defendant's privilege log.  In support of the motion, the plaintiffs argue that some of the documents at issue represent business activity, not legal activity, that the defendant has waived the attorney-client privilege as to attorney Nicolaas Storm, and that the defendant has waived any privilege as to certain documents provided to various third party consultants.  The defendant opposes the motion, arguing that the documents at issue are privileged and that the privilege has not been waived.  The Court heard argument on the  supplemental motion on July 29, 2008, and took the motion under advisement after the hearing.  On September 24, 2008, the Court Ordered the defendant to submit the disputed documents to the Court for an in camera review.

2

## A.    Relevant Jurisprudence

In addressing the attorney-client privilege, the Sixth Circuit has established the following

elements:

> (1) Where legal advice of any kind is sought (2) from a professional
> legal adviser in his capacity as such, (3) the communications relating
> to that purpose, (4) made in confidence, (5) by the client, (6) are at
> his instance permanently protected (7) from disclosure by himself or
> the legal adviser, (8) except the protection be waived.

Arkwright Mut. Ins. Co. v. National Union Fire Ins. Co., No. 93-3084, 1994 U.S. App. LEXIS 3828,

at *17-18 (6th Cir. Feb. 25, 1994) (quoting U.S. v. Goldfarb, 328 F.2d 280 (6th Cir. 1964)).  The

Sixth Circuit has further held that

> It is, of course, well established that attorney-client communications
> related to areas other than legal counseling, such as business advice,
> are not privileged.  In re Grand Jury Subpoena Duces Tecum, 731
> F.2d 1032, 1037 (2d Cir. 1984).  Furthermore, the person asserting
> the privilege bears the initial burden of showing that the
> communication involved legal matters.  See In re Grand Jury
> Investigation No. 83-2-35, 723 F.2d 447, 450-51 (6th Cir. 1983)
> (party asserting the privilege bears the burden of establishing its
> applicability).

In re Search Warrant Executed at Law Offices of Stephen Garea, No. 97-4112, 1999 U.S. App.

LEXIS 3861, 4-5 (6th Cir. Mar. 5, 1999).  However, the Court also notes that

> legal and business considerations may frequently be inextricably
> intertwined.  This is inevitable when legal advice is rendered in the
> context of commercial transactions or in the operations of a business
> in a corporate setting.  The mere fact that business considerations are
> weighed in the rendering of legal advice does not vitiate the attorney-
> client privilege.

Picard Chem. Profit Sharing Plan v. Perrigo Co., 951 F. Supp. 679, 686 (W.D. Mich. 1996).  In

addressing the interplay between corporate clients, in-house counsel, and the attorney-

privilege, it has been held that:

> Likewise, it is clear that the privilege may apply where the communication is to in-house counsel rather than to outside counsel retained for a particular matter. . . . Because in-house counsel may play a dual role of legal advisor and business advisor, the privilege will apply only if the communication's primary purpose is to gain or provide legal assistance. Business communications are not protected merely because they are directed to an attorney, and communications at meetings attended or directed by attorneys are not automatically privileged as a result of the attorney's presence. Rather, the corporation "must clearly demonstrate that the communication in question was made for the express purpose of securing legal not business advice."

Kramer v. The Raymond Corp., Civ. No. 90-5026, 1992 U.S. Dist. LEXIS 7418, at *3-4 (E.D. Pa. May 29, 1992). Finally, as this Court has noted in the past, the attorney-client privilege should be applied to "lawyer-to-client communications that reveal, directly or indirectly, the substance of a confidential communication by the client" American Standard, Inc. v. Pfizer Inc., 828 F.2d 734, 745 (Fed. Cir. 1987); see also Intervet, Inc. v. Merial Ltd., No. 06-658, 2009 U.S. Dist. LEXIS 16858, at *7 (D.D.C. Mar. 4, 2009) ("Further, there is a distinction between communications made to and by attorneys. 'In the case of attorney-to-client communications, attorney-client privilege may only properly be invoked if the communications rest on confidential information obtained from the client.'").

**B.      Analysis**

The Court will address each of the Entries in turn, beginning with the summary of each Entry provided in the defendant's privilege log and a determination of whether the Entry falls within the scope of the attorney-client privilege. After addressing whether each Entry is, or is not, privileged, the Court will then address whether the privilege has been waived.

4

1. **Entry 54**

Privilege Log Description:  Email from Nicoolas Storm, acting in his capacity as in-house counsel, to company employees and copied to company employees, providing legal advice regarding the union's legal right to information it requested regarding retiree medical benefits.

The Court finds that the redacted portion of Entry 54 constitutes a legal communication between Mr. Storm and his client which reflects the substance of a confidential communication by the client.  American Standard, Inc., 828 F.2d at 745. (holding that the privilege should be applied to "lawyer-to-client communications that reveal, directly or indirectly, the substance of a confidential communication by the client").  Thus, the Court finds that Entry 54 is privileged.

2. **Entry 111**

Privilege Log Description: Portions of presentation prepared by company employees and consultants at the request of Nicolaas Storm, acting in his capacity as in-house counsel, to assist him in providing legal advice regarding proposed consolidation of retiree benefit plans at various plants and facilities and recently acquired plants and facilities, to ensure Alcoa's compliance with its legal obligations, in particular under Sixth Circuit law.

The Court finds that this Entry is a communication by the defendant to an attorney in relation to a request for legal advice, and that all of the elements of the attorney-client privilege have been satisfied.  Thus, the Court finds that Entry 111 is privileged.

3. **Entry 117**

Privilege Log Description:  Portions of presentation prepared by company employees and consultants at the request of Nicolaas Storm, acting in his capacity as in-house counsel, to assist him in providing legal advice regarding proposed consolidation of retiree benefit plans at various plants and facilities and recently acquired plants and facilities, to ensure Alcoa's compliance with its legal obligations, in particular under Sixth Circuit law.

The Court finds that the redacted portions of this Entry constitute a communication by the defendant to an attorney in relation to a request for legal advice, and that all of the elements of the attorney-client privilege have been satisfied.  Thus, the Court finds that the redacted portions of

5

Entry 117 are privileged.

**4.      Entry 122**

Privilege Log Description:   Portions of presentation prepared by company employees and consultants at the request of Nicolaas Storm, acting in his capacity as in-house counsel, to assist him in providing legal advice regarding proposed consolidation of retiree benefit plans at various plants and facilities and recently acquired plants and facilities, to ensure Alcoa's compliance with its legal obligations, in particular under Sixth Circuit law.

The Court finds that the redacted portions of Entry 122 constitute legal communications between Mr. Storm and his client which reflect the substance of a confidential communication by the client.  American Standard, Inc., 828 F.2d at 745. (holding that the privilege should be applied to "lawyer-to-client communications that reveal, directly or indirectly, the substance of a confidential communication by the client").  Thus, the Court finds that the redacted portions of Entry 122 are privileged.

**5.      Entry 123**

Privilege Log Description:   Portions of presentation prepared by company employees and consultants at the request of Nicolaas Storm, acting in his capacity as in-house counsel, to assist him in providing legal advice regarding proposed consolidation of retiree benefit plans at various plants and facilities and recently acquired plants and facilities, to ensure Alcoa's compliance with its legal obligations, in particular under Sixth Circuit law.

The Court finds that the redacted portions of Entry 123 constitute legal communications between Mr. Storm and his client which reflect the substance of a confidential communication by the client.  American Standard, Inc., 828 F.2d at 745. (holding that the privilege should be applied to "lawyer-to-client communications that reveal, directly or indirectly, the substance of a confidential communication by the client").  Thus, the Court finds that the redacted portions of Entry 123 are privileged.

However, the Court notes that several of the redacted pages of this Entry, specifically the

pages Bates stamped P-ALC-CUR_00000773 through782, are identical to the unredacted pages of another entry, Entry Mercer 2, pages Mercer 000364 through 373. Thus, these specific redacted pages have been produced by the defendant, and can no longer be considered privileged. Given the volume of the document production at issue, the terms of the Protective Order [Doc. 107] in this matter, and the defendant's efforts to preserve its privilege in this case, the Court does not find that the defendant has waived its attorney-client privilege entirely. However, given the defendant's prior inadvertent productions, and the multiple privilege reviews conducted in this matter, nor will the Court allow the defendant to invoke the Protective Order's claw back provision so as to recover the apparently inadvertently produced pages Mercer 000364 through 373. Rather, the Court finds that the defendant has waived its privilege as to pages P-ALC-CUR_00000773 through782, and the defendant shall, within ten days of the entry of this Order, produce those pages in their unredacted form.

**6.    Entry 124**

Privilege Log Description:  Portions of presentation prepared by Alcoa employees, possibly with the assistance of consultants such as Hewitt, reflecting legal advice provided by Nicolaas Storm, acting in his capacity as in-house counsel, regarding various options the company had to reduce its FAS-106 liability.

The Court finds that the redacted portions of Entry 124 constitute legal communications between Mr. Storm and his client which reflect the substance of a confidential communication by the client.  American Standard, Inc., 828 F.2d at 745. (holding that the privilege should be applied to "lawyer-to-client communications that reveal, directly or indirectly, the substance of a confidential communication by the client").  Thus, the Court finds that the redacted portions of Entry 124 are privileged.

7

7. **Entry 125**

Privilege Log Description: Portions of presentation prepared by Alcoa employees, possibly with the assistance of consultants such as Hewitt, reflecting legal advice provided by Nicolaas Storm, acting in his capacity as in-house counsel, regarding various options the company had to reduce its FAS-106 liability.

The Court finds that the redacted portions of Entry 125 constitute legal communications between Mr. Storm and his client which reflect the substance of a confidential communication by the client. American Standard, Inc., 828 F.2d at 745. (holding that the privilege should be applied to "lawyer-to-client communications that reveal, directly or indirectly, the substance of a confidential communication by the client"). Thus, the Court finds that the redacted portions of Entry 125 are privileged.

8. **Entry 126**

Privilege Log Description: Portions of presentation prepared by Alcoa employees, possibly with the assistance of consultants such as Hewitt, reflecting legal advice provided by Nicolaas Storm, acting in his capacity as in-house counsel, regarding various options the company had to reduce its FAS-106 liability.

The Court finds that the redacted portions of Entry 126 constitute legal communications between Mr. Storm and his client which reflect the substance of a confidential communication by the client. American Standard, Inc., 828 F.2d at 745. (holding that the privilege should be applied to "lawyer-to-client communications that reveal, directly or indirectly, the substance of a confidential communication by the client"). Thus, the Court finds that the redacted portions of Entry 126 are privileged.

8

**9.      Entry 128**

Privilege Log Description:  Portions of attachment to memorandum from company employee to Nicolaas Storm, in his capacity as in-house counsel, and copied to company employees, providing information to Mr. Storm to enable him to provide legal advice regarding proposed consolidation of retiree benefit plans at various plants and facilities and recently acquired plants and facilities, to ensure Alcoa's compliance with its legal obligations, in particular under Sixth Circuit law.

The Court finds that this Entry is a communication by the defendant to an attorney in relation to a request for legal advice, and that all of the elements of the attorney-client privilege have been satisfied.  Thus, the Court finds that Entry 111 is privileged.

**10.      Entry 208**

Privilege Log Description:  Portions of handwritten notes of Nicolaas Storm, acting in his capacity as in-house counsel, reflecting legal advice provided to company employees by Mr. Storm regarding legal issues relating to different methods of funding the company's FAS-106 liability.

The Court finds that the redacted portion of Entry 208 consists of Mr. Storm's handwritten notes memorializing a legal communication between Mr. Storm and his client, and that those notes reflect the substance of a confidential communication by the client to Mr. Storm.  American Standard, Inc., 828 F.2d at 745.  Thus, the Court finds that Entry 208 is privileged.

**11.      Entry 209**

Privilege Log Description:  Portions of handwritten notes by in-house counsel, reflecting legal advice provided to company employees by Nancy Puleo, in-house tax counsel, regarding ERISA, Esction 401(b) funding rules.

The Court finds that the redacted portion of Entry 209 consists of Mr. Storm's handwritten notes memorializing a legal communication between Mr. Storm and his client, and that those notes reflect the substance of a confidential communication by the client to Mr. Storm.  American Standard, Inc., 828 F.2d at 745.  Thus, the Court finds that Entry 209 is privileged.

## 12.    Entry 216

Privilege Log Description:  Handwritten notes by in-house counsel from meeting with company employees and in-house counsel reflecting discussions with Nancy Puleo, in-house tax counsel, regarding different funding options with respect to the company's FAS-106 liability.

The Court finds that Entry 216 consists of Mr. Storm's handwritten notes memorializing a legal communication between Mr. Storm and his client, and that those notes reflect the substance of a confidential communication by the client to Mr. Storm. American Standard, Inc., 828 F.2d at 745.   Thus, the Court finds that Entry 216 is privileged.

## 13.    Entry 287

Privilege Log Description:  Handwritten notes and memorandum from Nicolaas Storm, acting in his capacity as in-house counsel, to company employee providing legal advice regarding various legal rules applicable to companies' obligations to provide pension and medical benefits and to companies' dealings with unions.

The Court finds that Entry 287 constitutes a legal communication between Mr. Storm and his client which reflects the substance of a confidential communication by the client to Mr. Storm. American Standard, Inc., 828 F.2d at 745.   Thus, the Court finds that Entry 287 is privileged.

## 14.    Entry 326

Privilege Log Description:  Portions of presentation prepared by Alcoa employees, possibly with the assistance of consultants such as Hewitt, reflecting legal advice provided by Nicolaas Storm, acting in his capacity as in-house counsel, regarding various options the company had to reduce its FAS-106 liability.

The Court finds that the redacted portions of Entry 326 constitute legal communications between Mr. Storm and his client which reflect the substance of a confidential communication by the client. American Standard, Inc., 828 F.2d at 745. (holding that the privilege should be applied to "lawyer-to-client communications that reveal, directly or indirectly, the substance of a confidential communication by the client"). Thus, the Court finds that the redacted portions of Entry

10

326 are privileged.

## 15.   Entry 339

Privilege Log Description:  Email from Nicolaas Storm, acting in his capacity as in-house counsel, to company employee providing legal advice regarding Alcoa's obligations to respond to the union's information request regarding closed and sold locations; and email from company employee to Nicolaas Storm, in his capacity as in house counsel, requesting legal advice regarding Alcoa's obligations to respond to the union's information request regarding closed and sold locations.

The Court finds that the redacted portions of Entry 339 constitute a request for legal advice by the defendant to Mr. Storm (the second redaction) and the subsequent response by Mr. Storm offering legal advice, which reflects the substance of the prior confidential communication by the client (the first redaction).  The Court further finds that while the communication from Mr. Storm involves some business advice, that business advice is so intertwined with the underlying legal communication that it would be impossible to separate the two.  However, "[t]he mere fact that business considerations are weighed in the rendering of legal advice does not vitiate the attorney-client privilege," Picard Chem. Profit Sharing Plan, 951 F. Supp. at 686, and the Court finds that the privileged nature of the instant communication is not vitiated by the inclusion of some business advice.   Accordingly, the Court finds that the redacted portions of Entry 339 are privileged.

## 16.   Entry 357

Privilege Log Description:  Email from Nicolaas Storm, acting in his capacity as in-house counsel, to company employee and copied to company employee providing legal advice regarding potential legal challenges to a company's decision to make changes to its retiree benefits plans, with reference to applicable case law; and email from company employee to Nicolaas Storm, in his capacity as in-house counsel, referencing information provided to Mr. Storm to assist him in providing legal advice regarding proposed consolidation of retiree benefit plans at various plants and facilities and recently acquired plants and facilities, to ensure Alcoa's compliance with its legal obligations, in particular under Sixth Circuit law.

The Court finds that the redacted portions of Entry 357 constitute a request for legal advice by the defendant to Mr. Storm (the second redaction) and the subsequent response by Mr. Storm

11

offering legal advice, which reflects the substance of the prior confidential communication by the

client (the first redaction). Accordingly, the Court finds that the redacted portions of Entry 357 are

privileged.

**17.    Entry 380**

Privilege Log Description:  Email from Nicolaas Storm, acting in his capacity as in-house counsel,
to company employee and copied to company employees providing legal advice regarding the state
of the law concerning retiree welfare benefit modification; and email from company employee to
Nicolaas Storm, in his capacity as in-house counsel, and company employees and copied to company
employees, requesting legal advice from Mr. Storm regarding the state of the law concerning retiree
welfare benefit modification.

The Court finds that the redacted portions of Entry 380 constitute a request for legal advice

by the defendant to Mr. Storm (the second redaction) and the subsequent response by Mr. Storm

offering legal advice, which reflects the substance of the prior confidential communication by the

client (the first redaction). Accordingly, the Court finds that the redacted portions of Entry 380 are

privileged.

**18.    Entries 393 – 396**

Privilege Log Description:  A series of emails to, and from, Nicolaas Storm, acting in his capacity
as in-house counsel, from, and to, company employees and copied to company employees, relating
to a request for legal advice regarding what information Alcoa is legally obligated to provide the
union in connection with bargaining over retiree medical plan changes.[1]

Entries 393 through 396 consist of strings of email messages (with many of the components

messages appearing in multiple entries) between Mr. Storm and various employees of the defendant.

The Court finds that the redacted portions of these entries involve a combination of: (a) requests for

legal advice by the defendant; (b) responses by Mr. Storm offering legal advice but which reflect

---

[1]For Entries 393 through 396, in the interest of judicial economy, the Court provides one
summary description of all of the emails involved in the entries, rather than copying in their
entirety the descriptions of each component email message provided by defendant.

the substance of the prior confidential communication by the client; (c) responses by Mr. Storm seeking additional information necessary to provide legal advice and which reflect the substance of the prior confidential communication by the client; and (d) responses by the client providing additional privileged information to Mr. Storm in conjunction with their prior request for legal advice. The Court finds that all of the component email messages satisfy the attorney-client privilege requirements, and accordingly, the Court finds that the redacted portions of Entries 393 through 396 are privileged.

**19.  Entry 401**

Privilege Log Description:  Retiree health plan summary sheet created by company employee with the assistance of consultants, at the direction of Nicolaas Storm, acting in his capacity as in-house counsel, to assist Mr. Storm in providing the company with legal advice regarding different options for reducing its OPEB liability.

The Court finds that Entry 401 constitutes a communication from the defendant to Mr. Storm, in his capacity as an attorney, in relation to a request by the defendant for legal advice, and that it is thus a protected communication.  Accordingly, the Court finds that Entry 401 is privileged.

**20.  Entry 402**

Privilege Log Description:  Retiree health plan summary sheet created by company employee with the assistance of consultants, at the direction of Nicolaas Storm, acting in his capacity as in-house counsel, to assist Mr. Storm in providing the company with legal advice regarding different options for reducing its OPEB liability.

The Court finds that Entry 402 constitutes a communication from the defendant to Mr. Storm, in his capacity as an attorney, in relation to a request by the defendant for legal advice, and that it is thus a protected communication.  Accordingly, the Court finds that Entry 402 is privileged.

13

21.     **Entry 403**

Privilege Log Description: Retiree health plan summary sheet created by company employee with the assistance of consultants, at the direction of Nicolaas Storm, acting in his capacity as in-house counsel, to assist Mr. Storm in providing the company with legal advice regarding different options for reducing its OPEB liability.

The Court finds that Entry 403 constitutes a communication from the defendant to Mr.

Storm, in his capacity as an attorney, in relation to a request by the defendant for legal advice, and

that it is thus a protected communication. Accordingly, the Court finds that Entry 403 is privileged.

22.     **Entry 404**

Privilege Log Description: Retiree health plan summary sheet created by company employee with the assistance of consultants, at the direction of Nicolaas Storm, acting in his capacity as in-house counsel, to assist Mr. Storm in providing the company with legal advice regarding different options for reducing its OPEB liability.

The Court finds that Entry 404 constitutes a communication from the defendant to Mr.

Storm, in his capacity as an attorney, in relation to a request by the defendant for legal advice, and

that it is thus a protected communication. Accordingly, the Court finds that Entry 404 is privileged.

23.     **Entry 405**

Privilege Log Description: Retiree health plan summary sheet created by company employee with the assistance of consultants, at the direction of Nicolaas Storm, acting in his capacity as in-house counsel, to assist Mr. Storm in providing the company with legal advice regarding different options for reducing its OPEB liability.

The Court finds that Entry 405 constitutes a communication from the defendant to Mr.

Storm, in his capacity as an attorney, in relation to a request by the defendant for legal advice, and

that it is thus a protected communication. Accordingly, the Court finds that Entry 405 is privileged.

24.     **Entry Mercer 1**

Privilege Log Description: Portions of presentation prepared by company employees and consultants at the request of Nicolaas G. Storm, in-house counsel for Alcoa, to assist him in providing legal advice regarding proposed consolidation of retiree benefit plans at various plants and facilities and

14

recently acquired plants and facilities, to ensure Alcoa's compliance with its legal obligations, in particular under Sixth Circuit law.

The Court finds that the redacted portions of this Entry constitute communications by the defendant to an attorney in relation to a request for legal advice, and that all of the elements of the attorney-client privilege have been satisfied. Thus, the Court finds that the redacted portions of Entry Mercer 1 are privileged.

## 25.     Entry Mercer 2

Privilege Log Description: Portions of presentation prepared by company employees and consultants at the request of Nicolaas G. Storm, in-house counsel for Alcoa, to assist him in providing legal advice regarding proposed consolidation of retiree benefit plans at various plants and facilities and recently acquired plants and facilities, to ensure Alcoa's compliance with its legal obligations, in particular under Sixth Circuit law.

The Court finds that the redacted portions of this Entry constitute communications by the defendant to an attorney in relation to a request for legal advice, and that all of the elements of the attorney-client privilege have been satisfied. Thus, the Court finds that the redacted portions of Entry Mercer 2 are privileged.

## 26.     Entry Mercer 4

Privilege Log Description: Portions of presentation prepared by company employees and consultants at the request of Nicolaas G. Storm, in-house counsel for Alcoa, to assist him in providing legal advice regarding proposed consolidation of retiree benefit plans at various plants and facilities and recently acquired plants and facilities, to ensure Alcoa's compliance with its legal obligations, in particular under Sixth Circuit law.

The Court finds that the redacted portions of this Entry constitute communications by the defendant to an attorney in relation to a request for legal advice, and that all of the elements of the attorney-client privilege have been satisfied. Thus, the Court finds that the redacted portions of Entry Mercer 4 are privileged.

**27.     Entries Mercer 6 – 8, 10 – 11, 14 – 17**

Privilege Log Description: Chart prepared by company employees and consultants at the request of Nicolaas G. Storm, in-house counsel for Alcoa, to assist him in providing legal advice regarding proposed consolidation of retiree benefit plans at various plants and facilities and recently acquired plants and facilities, to ensure Alcoa's compliance with its legal obligations, in particular under Sixth Circuit law.

The Court finds that Mercer Entries 6 – 8, 10 – 11, and 14 – 17 all constitute communications by the defendant to an attorney in relation to a request for legal advice, and that all of the elements of the attorney-client privilege have been satisfied.  Thus, the Court finds that Entries Mercer 6 – 8, 10 – 11, and 14 – 17 are privileged.

**28.     Entry Buck 2**

Privilege Log Description: Presentation to Employee Relation Counsel reflecting in-house counsel's legal advice regarding law applicable to retiree welfare benefit plans.

The Court finds that the redacted portions of Entry Buck 2 constitute legal communications between Mr. Storm and his client which reflect the substance of a confidential communication by the client.  American Standard, Inc., 828 F.2d at 745 (holding that the privilege should be applied to "lawyer-to-client communications that reveal, directly or indirectly, the substance of a confidential communication by the client").  Thus, the Court finds that the redacted portions of Entry Buck 2 are privileged.

**29.     Entry Buck 3**

Privilege Log Description: Spreadsheet created by Buck Consultants to assist Alcoa in-house counsel in providing legal advice in connection with potential retiree medical benefit plan design changes.

The Court finds that this Entry constitutes a communication by the defendant to an attorney in relation to a request for legal advice, and that all of the elements of the attorney-client privilege have been satisfied.  Thus, the Court finds that Entry Buck 3 is privileged.

16

**B.      Waiver of Attorney-client Privilege as to Nicolaas Storm**

The plaintiffs argue that, by producing some documents involving Mr. Storm, the defendant has waived any attorney-client privilege associated with communications between Mr. Storm and the defendant.  The Court does not agree.  As the Court noted above, communications from a client to an attorney which seek only business advice, and not legal advice, are not protected by the attorney-client privilege, and thus a litigant must necessarily produce such documents when faced with a proper discovery request.  Stated simply, a party cannot waive the attorney client privilege by producing non-privileged documents.  If the Court were to find that the production of documents related to non-privileged business advice waived all privilege between an attorney and his client, attorneys would be precluded from offering business advice to, or conducting any other form of non-privileged communication with, their client, greatly hampering the attorney-client relationship.  The Court knows of no policy or jurisprudence which endorses or requires such an interpretation of the concept of waiver.  Rather, the Sixth Circuit has defined waiver as follows:

> As a general rule, the "attorney-client privilege is waived by voluntary disclosure of private communications by an individual or corporation to third parties.  In addition, a client may waive the privilege by conduct which implies a waiver of the privilege or a consent to disclosure."  The prevailing view is that once a client waives the privilege to one party, the privilege is waived en toto.

Tenn. Laborers Health & Welfare Fund v. Columbia/Hca Healthcare Corp., 293 F.3d 289, 294 (6th Cir. 2002).

In this instance, the Court finds that the defendant has not waived the privilege as to attorney Storm.  Rather, the defendant has voluntarily disclosed only non-privileged information associated with Mr. Storm, as required, and has withheld only privileged information associated with Mr.

Storm's legal duties.[2]  Nor does the Court find that the attorney-client privilege has been waived by Mr. Storm's participation in past negotiations.  Given the specific periods of time during which Mr. Storm served as a negotiator, the Court finds that there is a sufficient chronological delineation between Mr. Storm's duties as a negotiator and his duties as an attorney to protect against a commingling of duties which might breach the privilege.  Accordingly, the Court finds that defendant has not waived its privilege as to Mr. Storm.

## C.    Waiver of Privilege as to Third Party Contractors

The plaintiffs also argue that the defendant has waived its attorney-client privilege by enlisting the add of third party contractors who helped prepare some of the privileged documents at issue.  However, the Sixth Circuit has held that an agency relationship between a party and a third-party agent serves to protect against the waiver of privilege when otherwise privileged communications are shared between the party and the third-party agent.  Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co., No. 93-3084, 1994 U.S. App. LEXIS 3828, at * 19-20 (6th Cir. Feb. 25, 1994); see also Broessel v. Traid Guaranty Ins. Corp., 238 F.R.D. 215, 218-19 (W. D. Ky. 2006) ("confidential communications disclosed to or made in the presence of certain agents of the attorney (e.g., accountants, engineers, or experts) to further the rendition of legal advice or in connection with the legal representation are subject to the attorney-client privilege").

In this instance, the Court finds that the third party agents at issue, such as Buck and Mercer, were acting as agents of the defendant and/or defense counsel, and were assisting in the rendition of legal advice.  Accordingly, the Court finds that the inclusion of such third-party consultants in

---

[2]The Court notes that the defendant has inadvertently produced some privileged materials in the past, but, as noted above, the Court does not find such inadvertent production to constitute a total waiver of the attorney-client privilege.

otherwise privileged communications did not result in a waiver of the privilege.

**D.      Conclusion as to Privileged Documents**

In light of the Court's findings above that the documents at issue are privileged and that the privilege has not been waived, the plaintiffs' motion **[Doc. 289]** is hereby **GRANTED in part**, to the extent that pages P-ALC-CUR_00000773 through782, found in Entry 123, shall be produced in their unredacted form, and **DENIED in part** as to the remainder of the Entries.

**II.     Motion to Compel [Doc. 280]**

The plaintiffs also move the Court to compel the defendant to produce any OPEB[3] evaluation reports generated during the years 2007 and 2008, and also move the Court to compel the defendant to perform an additional search for electronically stored information using revised searched terms. The Court addresses each of these issues in turn.

**A.      OPEB Reports**

The plaintiffs move the Court to compel the defendant to produce all OPEB evaluation reports generated during the years 2007 and 2008.[4]  The plaintiffs argue that the reports contain relevant information which will assist their experts at trial.  The defendant opposes the motion, arguing that the reports at issue are not relevant, do not contain the information the plaintiffs seek, and thus should not be produced.

In discussing the boundaries of permissible discovery, the Sixth Circuit has held that:

---

[3]OPEB, short for Other Post Employment Benefits, is an accounting concept established by the Governmental Accounting Standards Board in relation to its Generally Accepted Accounting Principles.

[4]During the hearing, defense counsel advised the Court that OPEB reports are generated once a year, usually in September.  Thus, at the time of the hearing, the 2008 report had not yet been produced, but presumably has been produced by the time of this ruling.

19

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." However, "discovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26(b)(1). Thus, it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case."

Lewis v. ACB Bus. Servs., 135 F.3d 389, 402 (6th Cir. 1998) (citations omitted). In this instance, after considering the arguments of counsel and the filings of record, the Court finds that the plaintiffs have made a sufficient showing as to the relevance of the reports to fall within the broad scope of discovery. Given the complex nature of the issues in this case, and in light of the plaintiffs' assertion that their experts believe that the information contained in the reports is relevant and necessary for the plaintiffs' case, coupled with the plaintiffs' arguments during the hearing, the Court finds the plaintiffs' motion [Doc. 280] to be well-taken as to the OPEB reports, and the same is hereby **GRANTED** to that extent. In so ruling, the Court in no way rules as to the admissibility at trial of information in those reports, leaving that issue for another day.

**B.    Additional Search Terms**

The plaintiffs also move the Court to compel the defendant to perform an additional search for electronically stored information using revised searched terms for specific custodians. The search terms the plaintiffs seek to use consist of: "pension/OPEB"[5], "USW", "steelworkers", "benefits accounting", "Enron/OPEB", "SOX/OPEB", and "Sarbanes-Oxley/OPEB". The plaintiffs

---

[5]For convenience, the Court uses the symbol "/" to indicate that the two words should occur together in the same document.

20

seek to apply these search terms to documents belonging to the following custodians: Mary Ellen Lammel, Lauren McCullough, Charles McLane, Gerald Wolfe, Alain Belda, Joe Quaglia, Thomas Mordowanec, Julie Caponi, and Joseph Lucot.

During the hearing, the defendant indicated that it had already performed the indicated searches, but there was disagreement as to whether the searches had been performed as to Caponi and Lucot. However, defendant agreed to perform the searches for Caponi and Lucot. Accordingly, the plaintiffs' motion [Doc. 280] is **GRANTED** to the extent that, if it has not already done so, the defendant shall utilize the search terms indicated above for the custodians indicated above. If the searches have already been completed, the defendant shall direct the plaintiffs' attention to the relevant production. Such discovery shall be provided to the plaintiffs within thirty days of the entry of this Order.

C.      **Conclusion as to Motion to Compel**

For the reasons and to the extent set forth more fully above, the plaintiffs' motion to compel **[Doc. 280]** is **GRANTED**.

III.     **Motion to Enlarge Time for Discovery [Doc. 346]**

The plaintiffs also move the Court to extend the discovery deadline to allow the plaintiffs to obtain certain documents addressed in the motion. In their reply [Doc. 359], the plaintiffs narrow the scope of the documents they seek, but argue that an extension of the discovery deadline is needed to allow the plaintiffs to obtain these necessary documents. The defendant opposes the motion, but its response addresses the merits of the discovery itself, not the merits of an extension of the discovery deadline. The Court is not faced with a motion to compel, nor with a motion for a protective order preventing the discovery in question, thus the issue of whether the discovery

21

should be had is not properly before the Court, only whether the discovery deadline should be extended.

In light of the continuance of the trial in this matter, and the persuasive arguments of the plaintiffs, the Court finds that the plaintiffs have made a showing sufficient to extend the discovery deadline as to the documents at issue. Accordingly, the plaintiffs' motion **[Doc. 346]** is hereby **GRANTED**, and the discovery deadline is extended until and including <u>**May 29, 2009**</u>, but only as to the discovery described in the instant motion [Doc. 246], as modified by the plaintiffs' reply [Doc. 359]. In so ruling, the Court in no ways rules as to the admissibility or discoverability of the documents in question, as that issue is not properly before the Court. If the parties are unable to resolve their disputes over the instant discovery, then they shall contact chambers to schedule a telephone conference on the issue, as per the Scheduling Order.

IV. **Summary**

For the reasons and to the extent set forth more fully above, the plaintiffs' supplemental motion to compel **[Doc. 289]** is hereby **GRANTED in part** and **DENIED in part**, the plaintiffs' motion to compel **[Doc. 280]** is hereby **GRANTED**, and the plaintiffs' motion to enlarge time for discovery **[Doc. 346]** is hereby **GRANTED**.

IT IS SO ORDERED.

ENTER:

<u>    s/ C. Clifford Shirley, Jr.    </u>
United States Magistrate Judge

22