# CRAVATH, SWAINE & MOORE LLP

WORLDWIDE PLAZA
825 EIGHTH AVENUE
NEW YORK, NY 10019-7475

TELEPHONE: (212) 474-1000
FACSIMILE: (212) 474-3700

———

CITYPOINT
ONE ROPEMAKER STREET
LONDON EC2Y 9HR
TELEPHONE: 44-20-7453-1000
FACSIMILE: 44-20-7860-1150

WRITER'S DIRECT DIAL NUMBER

(212) 474-1438

ROBERT D. JOFFE
ALLEN FINKELSON
RONALD S. ROLFE
PAUL C. SAUNDERS
DOUGLAS D. BROADWATER
ALAN C. STEPHENSON
MAX R. SHULMAN
STUART W. GOLD
JOHN W. WHITE
JOHN E. BEERBOWER
EVAN R. CHESLER
MICHAEL L. SCHLER
RICHARD LEVIN
KRIS F. HEINZELMAN
B. ROBBINS KIESSLING
ROGER D. TURNER
PHILIP A. GELSTON
RORY O. MILLSON
FRANCIS P. BARRON
RICHARD W. CLARY
WILLIAM P. ROGERS, JR.
JAMES D. COOPER
STEPHEN L. GORDON
DANIEL L. MOSLEY
GREGORY M. SHAW

PETER S. WILSON
JAMES C. VARDELL, III
ROBERT H. BARON
KEVIN J. GREHAN
STEPHEN S. MADSEN
C. ALLEN PARKER
MARC S. ROSENBERG
SUSAN WEBSTER
DAVID MERCADO
ROWAN D. WILSON
PETER T. BARBUR
SANDRA C. GOLDSTEIN
THOMAS G. RAFFERTY
MICHAEL S. GOLDMAN
RICHARD HALL
ELIZABETH L. GRAYER
JULIE A. NORTH
ANDREW W. NEEDHAM
STEPHEN L. BURNS
KATHERINE B. FORREST
KEITH R. HUMMEL
DANIEL SLIFKIN
JEFFREY A. SMITH
ROBERT I. TOWNSEND, III
WILLIAM J. WHELAN, III

SCOTT A. BARSHAY
PHILIP J. BOECKMAN
ROGER G. BROOKS
WILLIAM V. FOGG
FAIZA J. SAEED
RICHARD J. STARK
THOMAS E. DUNN
JULIE SPELLMAN SWEET
RONALD CAMI
MARK I. GREENE
SARKIS JEBEJIAN
JAMES C. WOOLERY
DAVID R. MARRIOTT
MICHAEL A. PASKIN
ANDREW J. PITTS
MICHAEL T. REYNOLDS
ANTONY L. RYAN
GEORGE E. ZOBITZ
GEORGE A. STEPHANAKIS
DARIN P. MCATEE
GARY A. BORNSTEIN
TIMOTHY G. CAMERON
KARIN A. DEMASI
LIZABETHANN R. EISEN
DAVID S. FINKELSTEIN

DAVID GREENWALD
RACHEL G. SKAISTIS
PAUL H. ZUMBRO
JOEL F. HEROLD
ERIC W. HILFERS
GEORGE F. SCHOEN
ERIK R. TAVZEL
CRAIG F. ARCELLA
TEENA-ANN V. SANKOORIKAL
ANDREW R. THOMPSON
DAMIEN R. ZOUBEK
LAUREN ANGELILLI
TATIANA LAPUSHCHIK
ERIC L. SCHIELE
ALYSSA K. CAPLES
JENNIFER S. CONWAY
MINH VAN NGO

SPECIAL COUNSEL

SAMUEL C. BUTLER
GEORGE J. GILLESPIE, III

August 7, 2009

### Alcoa's Objections to Plaintiffs' Deposition Designations

Dear Judge Phillips:

Enclosed are Alcoa Inc.'s ("Alcoa's") objections to certain portions of the testimony designated in Plaintiffs' Second Supplemental Rule 26(a)(3)(B) Pre-Trial Disclosures as to Those Witnesses Whose Testimony May Be Presented by Means of a Deposition, filed July 1, 2009.

Alcoa's objections apply largely to four categories of testimony designated by Plaintiffs:

(1) <u>Hearsay</u>: In many instances, Plaintiffs seek to designate testimony in which witnesses merely recount statements made by other parties regarding their understanding of the intent of Alcoa and the union as to whether the cap letter was meant to be implemented. Such secondhand testimony constitutes hearsay and is inadmissible under Rule 802 of the Federal Rules of Evidence.

(2) <u>Lack of Foundation</u>: In many instances, Plaintiffs seek to designate testimony where witnesses have no personal knowledge or basis for testifying about the subjects on which they are being questioned. One recurring example of this is testimony elicited by Plaintiffs concerning documents that a witness did not author and has not even seen before the deposition. Testimony of this nature lacks foundation and is inadmissible under Rule 602 of the Federal Rules of Evidence.

(3) <u>Legal Conclusion</u>: In many instances, Plaintiffs seek to designate testimony in which witnesses discuss not only their personal knowledge but also their view on the legal implications of a document or event they are describing. One recurring example of this is testimony elicited by Plaintiffs concerning whether the cap letter is a legally binding document. Such testimony concerns a matter of law and is inadmissible under Rule 704 of the Federal Rules of Evidence. <u>See, e.g.</u>, <u>Nowell v. City of Cincinnati</u>,

No. 1:03cv859, 2006 WL 2619846, at *6 & n.4 (S.D. Ohio Sept. 12, 2006) (applying Fed. R. Evid. 704 advisory committee note to preclude "testimony on controlling legal principles"), quoting United States v. Zipkin, 729 F.2d 384, 387 (6th Cir.1984).

(4) <u>Testimony About Inadmissible Documents</u>: In many instances, Plaintiffs seek to designate testimony relating to inadmissible documents. We are noting now our objections to this testimony, and will object separately to the documents should Plaintiffs include them within their intended trial exhibits. There are instances in which Alcoa has offered counter-designations to Plaintiffs' designated testimony regarding inadmissible documents. We do not intend to waive our objections to Plaintiffs' designations through these counter-designations.

Alcoa reserves the right to supplement the enclosed objections to the extent that testimony designated by Plaintiffs relates to a document not included in Plaintiffs' disclosed list of intended trial exhibits or to any document that is deemed inadmissible. Alcoa intends to supplement the enclosed objections at the same time it submits its objections to Plaintiffs' intended trial exhibits.

Respectfully,

*/s/ Daniel Slifkin*

Daniel Slifkin

The Honorable Thomas W. Phillips
United States District Judge
800 Market Street, Suite 145
Knoxville, TN 37902

BY UNITED PARCEL SERVICE

Copies to:

Gregory F. Coleman, Esq.
Coleman & Edwards, P.C.
4800 Old Kingston Pike, Suite 120
Knoxville, TN 37919

Andrew J. Schwaba, Esq.
Wallace & Graham, P.A.
525 North Main Street
Salisbury, NC 28144

BY UNITED PARCEL SERVICE