UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| CHARLES CURTIS et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No: 3:06cv448 |
| | ) | |
| ALCOA INC., Individually and as | ) | |
| Fiduciary of the Employees' Group | ) | |
| Benefits Plan of Alcoa Inc., Plan II, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT ALCOA INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO EXCLUDE TESTIMONY OF WHAT INDIVIDUAL PLAINTIFFS WERE TOLD ABOUT THEIR RETIREMENT BENEFITS**

Defendant Alcoa Inc. ("Alcoa") respectfully submits this memorandum of law in support of its motion to exclude testimony of what individual Plaintiffs were told about their retirement benefits pursuant to Rules 401, 402 and 802 of the Federal Rules of Evidence.

Preliminary Statement

Plaintiffs intend to offer at trial evidence about what a few individual Plaintiffs were told about their retirement benefits and how the cap agreement would affect those benefits. That evidence is inadmissible pursuant to Rules 401, 402 and 802 of the Federal Rules of Evidence. First, evidence of what individual Plaintiffs were told about their benefits is irrelevant to the determination of the primary issue in this litigation: whether the 2007 implementation of a retiree health care cap impermissibly reduced Plaintiffs' vested right to their retiree benefits. Evidence related to what individual Plaintiffs were told may be relevant to the Plaintiffs' breach of fiduciary duty claim, which requires a showing of individualized reliance with respect to each Plaintiff; that claim, however, has been stayed. Second, even if Plaintiffs' intended testimony

1

were relevant, the particularized and inconsistent nature of the alleged representations made to a few particular Plaintiffs renders that testimony inapplicable to the entire class of Plaintiffs. Third, to the extent these representations came from the Union—which is not a party to this litigation—that testimony is inadmissible hearsay.

## Background

The only claims currently before the Court are Plaintiffs' contract-based claims under ERISA and the LMRA (Counts One, Two and Four of the Fifth Amended Complaint), which the parties agreed to litigate as a class action. (See Consent Order of Class Certification at 1 (Dkt. No. 179).) By agreement of the parties, Plaintiffs' breach of fiduciary duty claim (Count Three of the Fifth Amended Complaint) has been bifurcated and stayed pending resolution of the contract-based claims. (Id.) The central issues with respect to the contract-based claims are whether the Plaintiffs' retiree health care benefits were vested, and whether the 2007 cap constituted an impermissible reduction in those benefits. (See 3/19/09 Order at 5-6 (Dkt. No. 392).)

As Plaintiffs explained in their Reply Brief in Support of Motion to Amend and for Class Certification, the contract-based "claims are based on almost identical contractual provisions" and "[i]ndividual lawsuits would create the risk of inconsistent or varying adjudication". (Pls.' Reply in Supp. of Mot. to Amend and for Class Cert. at 1 (Dkt. No. 114).) By contrast, the bifurcated and stayed breach of fiduciary duty claim is highly fact-specific, requiring individualized proof of what each Plaintiff was told regarding his or her retirement benefits. (See Alcoa's Opp. to Pls.' Mot. for Protective Order at 5 n.1 (Dkt. No. 133).) Despite the fact that the breach of fiduciary duty claim has been stayed, Plaintiffs continued throughout discovery to elicit testimony about what particular Plaintiffs were told about their retirement

2

benefits, and presumably intend to rely upon that testimony at the trial of the class action contract-based claims.

For instance, Plaintiffs' Statement of Facts in Support of their Motion for Partial Summary Judgment is replete with assertions of what particular Plaintiffs were told concerning their retirement benefits. For example, Plaintiffs rely on the testimony of class representative Dennis Macy concerning alleged representations made to him regarding his retirement benefits by one of the local benefits employees at his plant in Massena, New York. (See 5/20/08 Pls.' Summary Judgment Statement of Undisputed Material Facts ("5/28/08 Pls.' SUMF") ¶¶ 448, 449.) Specifically, Plaintiffs state: "Before Dennis Macy retired in 2004, he met with company benefits administrator Nancy Pointe and asked her if his retirement benefits were for his lifetime, and she said they were." (Id. ¶ 449; see also Macy Decl. ¶ 8 (Dkt. No. 22-24).) As Mr. Macy made clear in his deposition, those statements were made in a private meeting between Ms. Pointe, Mr. Macy and his wife, and Mr. Macy does not claim that a similar statement was made to any other class member. (See 5/16/07 Macy Tr. at 81:4-82:6, Gruenstein Decl. Ex. 1.)

Similarly, Plaintiffs rely upon the testimony of class representative Michael Stotlar who stated that when he retired in 2002, "he attended a meeting with 30 to 50 people in which [an employee in his plant's benefits department] told him directly that his medical benefits . . . would not change except when he went on social security". (5/20/08 Pls.' SUMF ¶¶ 458, 459; see also Stotlar Decl. ¶ 5 (Dkt. No. 22-32).) Mr. Stotlar does not claim that anyone beyond the limited number of people present at this meeting received a similar representation. (See Stotlar Tr. at 50:19-25, Gruenstein Decl. Ex. 2.)

Plaintiffs also discuss in their summary judgment briefing the testimony of class representative Dan Henry who stated that a local benefits employee at his plant told him that

3

retiree and surviving spouse medical benefits would be the same for life and were vested. (5/20/08 Pls.' SUMF ¶¶ 455, 456; see also Henry Decl. ¶ 12 (Dkt. No. 22-18).) According to Mr. Henry, the alleged comments were either made to him alone or in the company of another retiree. (See Henry Tr. at 77:3-13, Gruenstein Decl. Ex. 3.) Plaintiffs likewise rely on Terry Best, who has testified that he was individually told that healthcare benefits vested after 10 years of service and that his retiree medical benefits would remain the same for the rest of his life. (See 5/20/08 Pls.' SUMF ¶¶ 164, 445, 464; see also Best Decl. ¶¶ 6, 7 (Dkt. No. 22-8).)

Plaintiffs have indicated to Alcoa that they intend to call as trial witnesses Plaintiffs Timothy Garner, Jean Gentry, and Daniel Caldwell. Those Plaintiffs too have offered testimony concerning what they specifically were told about their retirement medical benefits, and Alcoa believes that Plaintiffs may attempt to elicit such testimony at trial.

Mr. Caldwell testified that local Union representative Brickey Beasley told him before he retired that his benefits would remain "intact", and that after his retirement other local Union representatives told him that Alcoa said that it would never implement the cap. (Caldwell Tr. at 32:15-33:5, 35:7-37:1, Gruenstein Decl. Ex. 4.) Likewise, Mr. Garner testified that Mr. Beasley told him that the cap was for accounting purposes and was never supposed to be implemented. (Garner Tr. at 51:6-52:22, 60:23-61:18, Gruenstein Decl. Ex. 5.) And Ms. Gentry testified that when her husband retired from Alcoa, Mr. Beasley represented to her and her husband that everything about their health insurance would stay the same from the time Mr. Gentry retired. (Gentry Tr. at 19:15-21:19, Gruenstein Decl. Ex. 6.

4

Argument

I.   TESTIMONY ABOUT WHAT PLAINTIFFS WERE INDIVIDUALLY TOLD ABOUT THEIR RETIREMENT BENEFITS IS INADMISSIBLE BECAUSE IT IS IRRELEVANT TO THE CONTRACT-BASED CLAIMS AT ISSUE.

Under the Federal Rules of Evidence only relevant evidence—"evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"—is admissible. Fed. R. Evid. 401, 402; see also, e.g., Tompkin v. Philip Morris USA, Inc., 362 F.3d 882, 897 (6th Cir. 2004).

The central issues to be decided at trial are whether the Plaintiffs' retiree health care benefits were vested, and whether the 2007 cap constituted an impermissible reduction in those benefits. (See 3/19/09 Order at 5-6 (Dkt. No. 392).) That question is a matter of pure contract interpretation. Plaintiffs contend that the relevant contracts in this case are ambiguous and seek to rely on extrinsic evidence to decipher the intent of the parties to the contract negotiations—whether the parties intended to vest retiree medical benefits and whether the parties intended to negotiate an enforceable cap. In contrast, the testimony of what a particular Plaintiff was allegedly told is relevant only to showing individualized reliance to the detriment of that Plaintiff, an element of the breach of fiduciary duty claim that has been bifurcated and stayed in this action. See Moore v. Lafayette Life Ins. Co., 458 F.3d 416, 433 (6th Cir. 2006). What a few individual Plaintiffs were told about their health benefits by local benefits administrators who were not present at the negotiations simply has no bearing on the parties' intent during the negotiations to implement a retiree healthcare cap on a class that Plaintiffs now claim contains nearly 20,000 individuals. (See Altman Tr. at 193:21-23, Gruenstein Decl. Ex. 7.)

5

In a recent decision, a district court within this Circuit refused to take such representations into account when determining the intent of the parties to a FAS 106 letter on a motion for summary judgment. In Yolton v. El Paso Tenn. Pipeline Co., No. 02-75164, 2008 WL 2566861 (E.D. Mich. Mar. 7, 2008), the defendant employer argued that the union, in negotiating a FAS 106 letter, intended to put a real cap in place, and in support of that argument asserted that a union representative told other union members about the cap and that workers would have to make contributions once costs exceeded the cap. Id. at *12. The court refused to consider this statement to be an "admission" of the union, probative of the union's intent in negotiating the FAS-106 letter, in part because the representative did not participate in the negotiation of a FAS 106 letter and made those statements several years after the negotiations. Id. (discounting the union representative's statements in part because the union official "neither participated in the labor negotiations leading to the adoption of the FAS 106 Letter nor in the negotiations resulting in the extension of the letter").[1]

It is equally the case here that statements allegedly made by a few local administrative employees who were not privy to the negotiations of the FAS 106 letters are not probative of Alcoa's intent at the time it negotiated those letters. Such employees themselves have no personal knowledge of the negotiations, and thus any statements made by them about the negotiations or the intent behind the cap would be without foundation and inadmissible under

---

[1] In several cases decided prior to Yolton, the Sixth Circuit, in the course of marshaling extrinsic evidence of the parties' intent to vest health benefits, did consider statements made by company representatives. See McCoy v. Meridian Auto. Sys., Inc., 390 F.3d 417, 423-24 (6th Cir. 2004); UAW v. BVR Liquidating, Inc., 190 F.3d 768, 774-75 (6th Cir. 1999). In those cases—both of which were disposed of on a pre-trial motion—the statements made by company representatives were cumulative of the other extrinsic evidence, and it does not appear that the employer even raised the argument that such evidence would be inadmissible were the case to proceed to trial.

6

Rule 602. Nevertheless, as discussed above, it appears that Plaintiffs intend to offer at trial evidence of what Plaintiffs were individually told about their benefits, wholly apart from the negotiations and by people who did not participate in the negotiations, as a way to shoehorn in evidence that is, at best, relevant only to the stayed breach of fiduciary duty claims.

It is instructive that, at the outset of the litigation, not even Plaintiffs appeared to consider that evidence probative. Plaintiffs filed three briefs addressing the question of "what evidence controls this case" in response to this Court's Order. (See 6/27/07 Order (Dkt. No. 104).) At no point did Plaintiffs even hint that they viewed evidence of what local employees told individual Plaintiffs to be relevant extrinsic evidence. While Plaintiffs asserted that the controlling evidence in this case is "[a]ny evidence that reveals the intent of the parties" (7/31/07 Pls.' Omnibus Br. on Court-Ordered Issues at 2 (Dkt. No. 116)), they repeatedly limited "relevant witness testimony" to the testimony of those individuals who were actually present at the collective bargaining negotiations. (See id. at 8-9; 8/31/07 Pls.' Omnibus Response Br. on Court-Ordered Issues at 14-15 (Dkt. No. 132); 9/14/07 Pls.' Omnibus Reply Br. on Court-Ordered Issues at 13-14 (Dkt. No. 139).)

At best, testimony of what individual employees were told during their employment (or as they were preparing to retire) goes to Plaintiffs' stayed breach of fiduciary duty claim and is not relevant to their contract-based claims. The statements of select local benefits employees in a company with facilities across the country simply cannot be probative of what Alcoa's intent was in negotiations, when these employees have no direct knowledge of those negotiations. As a result, such evidence is irrelevant under Rules 401 and 402 and should be excluded.

II.  TESTIMONY ABOUT WHAT UNION REPRESENTATIVES MAY HAVE TOLD PLAINTIFFS ABOUT RETIREMENT BENEFITS IS INADMISSIBLE HEARSAY.

Testimony by Plaintiffs' intended trial witnesses of what they were told by local union representatives concerning their retirement benefits and the retiree medical cap is inadmissible for the additional reason that they are hearsay. Fed. R. Evid. 801(c). Hearsay not within an exception provided by the Federal Rules of Evidence is inadmissible. Fed. R. Evid. 802; see also Rush v. Ill. Cent. R.R. Co., 399 F.3d 705, 719 (6th Cir. 2005).

Plaintiffs Daniel Caldwell, Timothy Garner, and Jean Gentry testified that a local Union official Brickey Beasley told them that their retiree medical benefits would not change and that the cap agreement was never intended to be implemented. (See Caldwell Tr. at 32:15-33:5, Gruenstein Decl. Ex. 4; Garner Tr. at 51:6-52:22; 60:23-61:18, Gruenstein Decl. Ex. 5; Gentry Tr. at 19:15-21:19, Gruenstein Decl. Ex. 6.) As an initial matter, Mr. Beasley was not involved in the negotiation of the cap, and thus lacks personal knowledge under Rule 602 to testify about what Alcoa and the union intended when they agreed to a cap in 1993. In addition, the testimony of these witnesses is hearsay as Plaintiffs clearly intend to use it "for the truth of the matter asserted"—that is, as evidence that the cap on Plaintiffs' retiree medical benefits was, in fact, not intended to be implemented. However, the Union is not a party to this litigation; as a result, statements made by its officials are not admissions by a party opponent, and they fall outside the hearsay rule. Accordingly, testimony concerning what Plaintiffs were told about retirement benefits by Union representatives is hearsay and inadmissible.

## Conclusion

For the foregoing reasons, Alcoa respectfully requests that the Court grant Alcoa's motion to exclude testimony of what individual Plaintiffs were told by Alcoa employees and Union officials about his or her retirement benefits.

August 7, 2009

                Respectfully Submitted,

                **ALCOA INC.**

By: _____
                        Counsel

*Evan R. Chesler (N.Y. Bar No. 1475722)
*Daniel Slifkin (N.Y. Bar No. 2439768)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
212.474.1000 (telephone)
212.474.3700 (facsimile)
echesler@cravath.com / dslifkin@cravath.com

John A. Lucas (Tenn. Bar No. 011198)
MERCHANT & GOULD, P.C.
110 McGhee Tyson Boulevard, Suite 203
Alcoa, Tennessee 37701
865.380.5978 (telephone)
865.380.5999 (facsimile)
jlucas@merchantgould.com

*James P. Naughton (Va. Bar No. 25923)
HUNTON & WILLIAMS LLP
500 East Main, Suite 1000
Norfolk, Virginia 23510
757.640.5300 (telephone)
757.625.7720 (facsimile)
jnaughton@hunton.com

(*Admitted pro hac vice)

Counsel for Defendant Alcoa Inc.