UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| CHARLES CURTIS, *et al.*, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiffs, | ) | **Civ. No. 3:06-cv-448** |
| | ) | **Judge Phillips** |
| v. | ) | |
| | ) | |
| ALCOA INC., Individually and as Fiduciary of the Employees' Group Benefits Plan of Alcoa Inc., Plan II, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## [PROPOSED] AMENDED JUDGMENT ORDER

Upon consideration of the Motion for Clarification and to Amend the Judgment filed in this case by the Plaintiffs on March 23, 2011, the Court amends its earlier Judgment Order filed on March 9, 2011 to include the specific provisions stated below.

**IT IS ORDERED AND ADJUDGED** that:

1. The record in this case shall be supplemented by the information contained in Plaintiffs' Declaration of Counsel filed with Plaintiffs' Motion to for Clarification and to Amend the Judgment in this case.

2. The Court declares that the Plaintiffs' healthcare benefits under the Alcoa Inc. plan(s) are vested lifetime benefits in accordance with ¶¶ 236 and 237 of the Court's Findings of Fact and Conclusions of Law filed March 9, 2011.

3. The Court declares that the Plaintiffs' healthcare benefits under the Alcoa Inc. plan(s) are vested lifetime benefits that are subject to an annual-dollar cap on Alcoa Inc.'s contributions toward those benefits with the cap amount being $7,767.00 for each

pre-65/non-Medicare eligible retiree, dependent, spouse and surviving spouse and at $3,389.00 for each post-65/Medicare eligible retiree, dependent, spouse and surviving spouse to be paid by Defendant for each Plaintiff in each calendar year in accordance with ¶¶ 276 and 284 of the Court's Findings of Fact and Conclusions of Law.

4. Defendant is permanently enjoined from reducing its per person annual contribution for Plaintiffs' healthcare benefits under the Alcoa Inc. plan(s) for the lifetime of each Plaintiff below the applicable dollar cap specified in Paragraph 3 above, i.e., $7,767.00 for each pre-65/non-Medicare eligible retiree, dependent, spouse and surviving spouse and $3,389.00 for each post-65/Medicare eligible retiree, dependent, spouse and surviving spouse per calendar year.

5. The Court declares that the Plaintiffs' healthcare benefits are vested lifetime benefits with premiums to be paid pursuant the 2006 CBA in the amount of $150.00 per month for the retiree and the retiree's spouse ($75.00 per person) for a pre-Medicare retiree and $80.00 per month for the retiree and the retiree's spouse ($40.00 per person) for a post-Medicare eligible retiree until 2017 in accordance with ¶¶ 287 and 288 of the Court's Findings of Fact and Conclusions of Law.

6. The Court declares that the Plaintiffs' healthcare benefits are vested lifetime benefits and that the 2006 CBA ensures that no further plan design changes will be necessary until 2017 in accordance with ¶¶ 277, 283, 287 and 288 of the Court's Findings of Fact and Conclusions of Law.

7. The Defendant is enjoined from adjusting or changing the plan design, the premiums paid by the Plaintiffs and/or the amounts of deductibles paid by Plaintiffs from

the terms stated in the 2006 CBA until 2017 in accordance with ¶¶ 277, 283, 287 and 288 of the Court's Findings of Fact and Conclusions of Law.

Dated at Knoxville, Tennessee, this _____ day of _____, 2011.

**ENTER:**

_____
United States District Judge