UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHARLES CURTIS, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 3:06-CV-448 |
| | ) (Phillips) |
| ALCOA, INC., | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on the plaintiffs' motion for an order clarifying and/or amending the Judgment Order entered in this case. Plaintiffs brought this class action pursuant to the Labor Management Relations Act of 1947, 29 U.S.C. §§ 141-187 and the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 seeking fully funded lifetime retiree healthcare benefits. Plaintiffs alleged that Alcoa breached its promise to provide lifetime retiree medical benefits at no cost when it began charging them for a portion of their medical care.

Following an eight-day nonjury trial, the court issued its Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52(a). In sum, the court found that the plaintiffs were entitled to lifetime, capped healthcare benefits. To the extent that the 2006

plan design differed from the cap agreements, the court found those variations were clearly reasonable under the authority of *Reese v. CNH America LLC*, 574 F.3d 315 (6th Cir. 2009). The court concluded that Alcoa did not breach its contracts with the plaintiffs, and that plaintiffs were not entitled to any additional benefits beyond those that the class was receiving from Alcoa under the then-prevailing 2006 CBA. Accordingly, the court held that plaintiffs were entitled to take nothing in the lawsuit, and their claims were dismissed.

In their motion for an order clarifying and/or amending the judgment order, plaintiffs request a declaratory judgment finding that their healthcare benefits are vested and for appropriate injunctive relief to prevent Alcoa from reducing their benefits from their vested amounts.

Parties seeking a clarification of a judgment or order from the court may do so under Federal Rule of Civil Procedure 59(e). *E.g., Capacchione v. Charlotte Mecklenberg Schools*, 190 F.R.D. 170, 175 (W.D.N.C. 1999); *Belair v. Lombardi*, 151 F.R.D. 698, 699 (M.D.Fla. 1993).

> [The] court has considerable discretion to grant or deny a Rule 59(e) motion. *See Huff v. Metro Life Ins. Co.,* 675 F.2d 119, 122 (6th Cir. 1982). To prevail on such a motion, a party must show "clear error in the court's prior decision or . . . put forth an intervening controlling decision or newly discovered evidence not previously available." *Al-Sadoon v. FISI Madison Financial Corp.,* 188 F.Supp.2d 899, 901-02 (M.D.Tenn. 20020. Such a motion may also be granted to "prevent manifest injustice." *Id.* at 901, *quoting GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

*Grier v. Goetz*, 402 F.Supp.2d 871, 873 (M.D.Tenn. 2005). In addition, after a non-jury trial, the court can alter or amend the judgment for one of three reasons:

> Rule 59 provides that, in an action tried without a jury, the court "may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law, and direct entry of a new judgment." Fed.R.Civ.P. 59(a). Under the rule, the court may alter or amend the judgment entered after a non-jury trial for (1) manifest errors of law, (2) manifest errors of fact, or (3) newly discovered evidence. *Citations omitted.*

*DiPirro v. United States*, 189 F.R.D. 60, 62-63 (W.D.N.Y. 1999).

Plaintiffs have not shown a manifest error of law or fact contained in the court's Findings of Fact and Conclusions of Law, nor have they brought forth any "newly discovered evidence" which would necessitate the court revisiting its prior rulings. Plaintiffs argued throughout this litigation that they were entitled to unlimited healthcare for life because they retired with vested, uncapped benefits. Specifically, plaintiffs argued that their "benefits must be returned to the level of benefits that existed prior to 2007, including the return of plaintiffs' benefits to the previous plan design, with no premiums from plaintiffs, and with no contribution limits of defendant, and defendant must reimburse plaintiffs for their costs incurred due to the reduction in their benefits." [Plaintiffs' Proposed Findings of Fact and Conclusions of Law, Doc. 508.] Alcoa, on the other hand, argued that plaintiffs were not entitled to more than what they were receiving under the 2006 CBA because either they did not have a vested right to retiree healthcare benefits <u>or</u> their benefits had vested subject to the earlier cap agreements. The court agreed with Alcoa that plaintiffs'

-3-

benefits had vested subject to the cap agreements, and that plaintiffs were required to pay costs in excess of the cap unless the parties agreed otherwise in subsequent contract negotiations.

Moreover, plaintiffs proposed amendments to the court's judgment restricting future modification to the plan design are contrary to the court's ruling that reasonable modifications to the retiree healthcare plan are permissible under *Reese*. The court found that the CBAs and cap letters reflected a bargained, contractual obligation to provide some level of benefits for the lifetime of the retirees, but did set a specific amount. Rather, the level of benefits was left to be determined in future contract negotiations between the Union and Alcoa. Alcoa is permitted to modify its benefits plans with changes that are reasonably commensurate with the benefits provided in the CBA, reasonable in light of changes in healthcare, and roughly consistent with the kinds of benefits provided to current employees. *See Reese,* 574 F.3d at 326. In fact, the cap agreement and the 2006 CBA make retiree healthcare benefits a mandatory subject of bargaining in the future; therefore the Union and Alcoa must bargain over the terms of any plan design changes.

In conclusion, plaintiffs brought this action to undo the retiree healthcare plan negotiated between their Union and Alcoa in 2006 and to restore plaintiffs to an "uncapped" plan. Plaintiffs challenged several aspects of the 2006 plan – the monthly premiums, the deductibles, and the co-insurance payments – on the ground that they should not be

required to contribute anything to the costs of their healthcare.  The court rejected plaintiffs' arguments and held that the 2006 plan in its entirety was lawful, and that the plaintiffs are receiving benefits beyond what the cap agreement required; therefore, there was no relief awarded to plaintiffs.   Accordingly, plaintiffs' motion for clarification and/or amendment to the judgment order [Doc. 525] is **DENIED.**  Plaintiffs' request for a hearing on their motion for clarification [Doc. 529] is **DENIED as moot.**

**IT IS SO ORDERED.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge