UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHARLES CURTIS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 3:06-CV-448-PLR-CCS |
| v. ) | |
| ) | |
| ALCOA, INC., ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral order of the District Judge [Doc. 590].

Now before the Court is Plaintiffs' Motion for Award of Attorneys' Fees and Expenses [Doc. 586]. The Court finds that this motion is now ripe for adjudication, and for the reasons stated herein, the undersigned **RECOMMENDS** that it be **DENIED**.

**I. BACKGROUND**

Plaintiffs are retirees who formerly worked for Defendant. Under a collective bargaining agreement that expired in 1992, the Defendant provided lifetime, uncapped retiree-healthcare benefits. As the expiration date of the collective bargaining agreement approached, higher payments to healthcare providers and new public accounting obligations increased the Defendant's total retiree-healthcare costs. As a result, the Defendant focused on negotiating an annual healthcare contribution limit, or "cap," on retiree-healthcare benefits into the next collective bargaining agreement. These negotiations persisted, and after much delay and back-

and-forth, a negotiated cap on the benefits in the Employees' Group Benefit Plan of Alcoa Inc., Plan II (the "Plan"), took effect on January 1, 2007.

On November 17, 2006, the Plaintiffs filed this suit claiming "ERISA and LMRA violations, arguing that they possessed vested, *uncapped* lifetime retiree-healthcare benefits that Alcoa illegally reduced through illusory cap agreements." [Doc. 578 at 6 (emphasis in the original)]. This case was tried before the Honorable Thomas W. Phillips, United States District Judge, without jury, between September 23, 2009, and October 1, 2009. On March 9, 2011, District Judge Thomas W. Phillips entered Findings of Fact and Conclusions of Law [Doc. 523] and a Judgment Order [Doc. 524], finding in favor of the Defendant.

Two weeks later, the Plaintiffs filed a Motion for Clarification [Doc. 525], along with a Motion for Award of Attorneys' Fees and Expenses [Doc. 527]. In the Motion for Clarification, Plaintiffs moved the Court to enter a judgment indicating that the Court had adjudged the Plaintiffs' to be vested in capped healthcare benefits, [Doc. 525-1]. On June 11, 2012, Judge Phillips denied the Plaintiffs' Motion for Clarification. [Doc. 541]. In so ruling, Judge Phillips explained: "The court rejected plaintiffs' arguments and held that the 2006 plan in its entirety was lawful, and that the plaintiffs are receiving benefits beyond what the cap agreement required; therefore, there was no relief awarded to plaintiffs." [Id. at 4-5].

On July 6, 2012, the Plaintiffs filed a Notice of Appeal [Doc. 542], appealing the Court's judgment in this case. On July 12, 2012, Judge Phillips entered an Order staying the assessment of costs in this case pending appeal, and on August 29, 2012, the undersigned entered an Order dismissing the Plaintiffs' previous Motion for Attorneys' Fees without prejudice [Doc. 544].

On May 9, 2013, the Court of Appeals for the Sixth Circuit affirmed the Court's decision in favor of the Defendant. [Doc. 578]. In affirming this Court's decision, the Court of Appeals rejected Plaintiffs' attempts to modify this Court's Judgment. The Court of Appeals explained:

> Retirees also seek a "declaration that they had vested lifetime healthcare benefits" because the court's Judgment Order stated that Retirees "take nothing." The court's Judgment Order did nothing more than deny Retirees the relief they requested — vested, lifetime, and *uncapped* healthcare benefits. The district court's findings and conclusions clarified that Retirees possess lifetime health benefits: "In conclusion, the court finds that under the cap agreements . . . plaintiffs are entitled to *lifetime*, capped *healthcare benefits*."

[Id. at 21-22 (emphasis in the original) (internal citations removed)].

On October 8, 2013, the Plaintiffs filed the instant Motion for Award of Attorneys' Fees and Expenses [Doc. 586], and the Defendant responded in opposition thereto, [Doc. 597]. On February 24, 2014, the Supreme Court of the United States notified the Clerk of Court that the Plaintiffs' petition for writ of certiorari had been denied. [Doc. 600]. Thus, the Motion for Motion for Award of Attorneys' Fees and Expenses is now ripe for adjudication.

## II.  POSITIONS OF THE PARTIES

Plaintiffs concede that the Court found against the Plaintiffs with regard to their position that the Plaintiffs had vested, *uncapped* benefits. However, the Plaintiffs maintain that the Court decided and adjudged that the Plaintiffs have vested benefits subject to a cap. Plaintiffs contend that Defendant denied that Plaintiffs had vested benefits, either capped or uncapped and that Plaintiffs claimed that their benefits were vested in the face of this opposition. Thus, Plaintiffs maintain that the vesting of benefits was a contested issue. Plaintiffs argue that their position that the benefits were vested but subject to a cap was a "secondary argument." [See Doc. 586 at

1]. Plaintiffs claim their second argument, after seeking uncapped vested benefits, was capped vested benefits. Plaintiffs maintain that by finding that Plaintiffs had a right to vested benefits subject to a cap, the Court has conferred a substantial benefit on the Plaintiffs. Therefore, Plaintiffs argue that they achieved some success on the merits of this case, which entitles them to an award of attorneys' fees and expenses.

Specifically, Plaintiffs move the Court to award $5,019,900.00 in attorneys' fees and $541,840.16 in expenses. The Plaintiffs represent that they can submit detailed time sheets reflecting the hours incurred, but they contend that such records should be submitted *in camera* based upon protections afforded by the attorney-client privilege and work-product doctrine.

Defendant responds in opposition and argues that Plaintiffs brought this lawsuit to restore Plaintiffs to an uncapped plan. Defendant maintains that Plaintiffs argued that they should not be required to contribute anything toward the cost of their healthcare but the Court rejected this position. Defendant contends that Plaintiffs' request is meritless because the Court adjudged that "plaintiffs shall take nothing" and, therefore, Plaintiffs cannot demonstrate "some degree of success on the merits." Defendant notes that, in response to Plaintiffs' request for clarification, the Court refused to modify the Judgment because Plaintiffs demonstrated no wrongdoing on the part of the Defendant. Defendant argues that this ruling was affirmed by the Court of Appeals. [Doc. 578]. Defendant argues that its position was and has been that either the benefits were not vested or, if they were vested, they were subject to the earlier cap agreement.

The Court finds that District Judge Phillips agreed with *Defendant* that they were vested subject to the cap agreement. [Doc. 541 at 3].

4

## III. ANALYSIS

In suits brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, "a reasonable attorney's fee and costs" are available "to either party" at the court's "discretion." § 1132(g)(1).

In Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 245 (2010), the Supreme Court of the United States held that a prerequisite to any award of attorney's fees and costs under this provision is a demonstration of "some degree of success on the merits." Id. at 245. "A claimant does not satisfy that requirement by achieving trivial success on the merits or a purely procedural victory, but does satisfy it if the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." Id. at 2158 (quoting Ruckelshaus v. Sierra Club, 463 U.S. 680, 688 n.9 (1983)) (internal quotations and brackets omitted). Consistent with this standard, the Supreme Court previously noted that "requiring a defendant, completely successful on all issues, to pay the unsuccessful plaintiff's legal fees would be a radical departure from long-standing fee-shifting principles adhered to in a wide range of contexts." Ruckelshaus, 463 U.S. at 683.

Prior to the Supreme Court's decision in Hardt, the Court of Appeals for the Sixth Circuit applied five factors in evaluating a request for fees in an ERISA action: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and

5

(5) the relative merits of the parties' positions. Sec'y of Dep't of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985).

Though the Supreme Court held in Hardt that weighing those factors is not required for determining a fee request, see 560 U.S. 255, the Court left open the possibility that the factors could aid a court's decision to award fees to a claimant who had already established "some degree of success on the merits," id., n.8. The Court of Appeals for the Sixth Circuit has continued to apply the King factors subsequent to Hardt, but only after establishing that the requesting party showed "some degree of success on the merits." See, e.g., O'Callaghan v. SPX Corp., 442 F. App'x 180, 186 (6th Cir. 2011); Ciaramitaro v. Unum Life Ins. Co. of Am., 521 F. App'x 430, 437 (6th Cir. 2013).

Courts have found that parties have shown "some degree of success on the merits" in a variety of situations. See, e.g., McKay v. Reliance Std. Life Ins. Co., 428 F. App'x 537, 546-47 (6th Cir. 2011) (finding that the district court did not abuse its discretion in finding plaintiff achieved some degree of success on the merits where a remand was obtained). However, courts do not hesitate to find that parties have not shown a degree of success on the merits, where the party did not succeed on the issues litigated. See, e.g., Loomis v. Exelon Corp., 658 F.3d 667, 675 (7th Cir. 2011) ("Plaintiffs did not succeed on any issue in this litigation, so the award could not run in their favor under Hardt's standard.")

In the instant litigation, the Court finds that the Plaintiffs did not achieve "some degree of success on the merits." Hardt, 560 U.S. at 245. The Court looks first to the Plaintiffs' prayer for relief, which moved the Court to: (1) certify this case as a class action; (2) issue a preliminary and permanent injunction enjoining Defendant from reducing Plaintiffs' benefits; (3) awarding compensatory damages; (4) "[e]nter a declaratory judgment stating that Plaintiffs have vested

6

welfare benefits to be provided by Defendant unreduced from those previously promised and provided to Plaintiffs"; (5) order equitable reformation of the Plan to provide that the benefits would not be reduced; (6) retroactively rescind all improper benefit reductions; (7) order an accounting of the profits attributable to the reduction of the benefits to Plaintiff and order an accompanying disgorgement; and (8) an award of reasonable attorneys' fees and costs. [Doc. 169 at 31].[1]

The Plaintiffs' request to certify a class was granted by consent of the Defendant. [Doc. 179]. The Plaintiff has not argued that this certification constitutes "some degree of success on the merits," and the Court has not found any case law to support such a position. The Court denied all of the Plaintiffs other prayers for relief, with the exception of the request for attorneys' fees and costs that is now before the Court.

Plaintiffs moved the Court find that the benefits were both vested and uncapped and that the Court "[e]nter a declaratory judgment stating that Plaintiffs have *vested* welfare benefits to be provided by Defendant *unreduced* from those previously promised and provided to Plaintiffs." [Id. at 31 (emphasis added)]. Similarly, in proposing their conclusions of law, Plaintiffs moved the Court to find: "Plaintiffs have shown that their retiree healthcare benefits are vested without a cap." [Doc. 508 at 146]. The Plaintiffs did not move the Court to find simply that their benefits were vested. Instead, they move the Court to find both that the benefits were vested and that the benefits were uncapped.

Plaintiffs further claimed the implementation of a cap violated the collective bargaining agreement and that the union never agreed to a cap. On both issues, the District Judge found against the Plaintiffs and in favor of the Defendant. Furthermore, the Plaintiffs not only claimed

---

[1] The prayer for relief also included a generic request that the Court "[p]rovide such other relief as the Court deems equitable and just."

that they were vested in uncapped healthcare benefits, but also claimed they were vested prior to retirement. Again, the District Judge found against Plaintiffs by finding that while the collective bargaining agreement provided for vesting of healthcare benefits, they were only vested at retirement and were subject to the cap agreements.[2] Finally, Plaintiffs claimed if the healthcare benefits were subject to a cap, they were impermissibly reduced and they were entitled to be reimbursed certain amounts. Again, the District Judge found against Plaintiffs on this issue. On appeal the Court of Appeals for the Sixth Circuit affirmed all of the decisions of the District Judge.

The District Judge refused to endorse the Plaintiffs' positions, and instead, found that the Defendant's actions were permissible and reasonable. Thus, the Court entered a Judgment concluding that the Plaintiffs "take nothing." [Doc. 524]. When the Plaintiffs asked the Court to revisit its decision and requested "that the Court clarify and amend its Order to include a specific judgment granting the Plaintiffs' request for a declaration that their health care benefits are lifetime, vested benefits," [Doc. 526 at 18], the Court refused.

In discussing his previous decision and the Court's refusal to revisit that decision, Judge Phillips explained:

> Plaintiffs argued throughout this litigation that they were entitled to unlimited healthcare for life because they retired with vested, uncapped benefits. Specifically, plaintiffs argued that their "benefits must be returned to the level of benefits that existed prior to 2007, including the return of plaintiffs' benefits to the previous plan design, with no premiums from plaintiffs, and with no contribution limits of defendant, and defendant must reimburse plaintiffs for their costs incurred due to the reduction in their benefits." [Plaintiffs' Proposed Findings of Fact and Conclusions of Law, Doc. 508.] *Alcoa, on the other hand, argued that plaintiffs were not entitled to more than what they were receiving under the 2006 CBA because either they did not have a vested*

---

[2] Contrary to Plaintiffs' current assertions, this position was the *Defendant's* alternative argument in 2009. [See Defendant's Response to Plaintiffs' Proposed Findings of Fact and Conclusions of Law, Doc. 511-2 at 2-3].

8

> *right to retiree healthcare benefits or their benefits had vested subject to the earlier cap agreements. The court agreed with Alcoa that plaintiffs' benefits had vested subject to the cap agreements,* and that plaintiffs were required to pay costs in excess of the cap unless the parties agreed otherwise in subsequent contract negotiations.
>
> . . . .
>
> [P]laintiffs brought this action to undo the retiree healthcare plan negotiated between their Union and Alcoa in 2006 and to restore plaintiffs to an "uncapped" plan. Plaintiffs challenged several aspects of the 2006 plan – the monthly premiums, the deductibles, and the co-insurance payments – on the ground that they should not be required to contribute anything to the costs of their healthcare. The court rejected plaintiffs' arguments and held that the 2006 plan in its entirety was lawful, and that the plaintiffs are receiving benefits beyond what the cap agreement required; therefore, there was no relief awarded to plaintiffs.

[Doc. 541 at 3-5 (emphasis added)]. Thus, the Court again agreed with the Defendant and rejected the Plaintiffs' arguments. The undersigned cannot find that this outcome amounts to achieving "some degree of success on the merits." Hardt, 560 U.S. at 245.

Additionally, the Court finds that the Plaintiffs cannot show that they achieved "some degree of success on the merits" through the decision of the Court of Appeals. The Court of Appeals, like this Court, found that the Plaintiffs' *post hoc* bid to obtain a "declaration that they had vested lifetime healthcare benefits" was inconsistent with the Court's adjudication of the contested issues before it. As the Court of Appeals explained, "The court's Judgment Order did nothing more than deny Retirees the relief they requested—vested, lifetime, and *uncapped* healthcare benefits." [Doc. 578 at 21 (emphasis in the original)]. From its review of the record, the Court of Appeals found that the Plaintiffs had not prevailed on their request for relief in the form of uncapped, vested benefits, and the Court of Appeals did not find reversible error with regard to this decision.

In their brief, Plaintiffs argue that the Plaintiffs "have the security of knowing that up to the 'cap' amount their benefits are vested [and that Defendant] cannot end their benefits completely in the future." [Doc. 587 at 18]. The Defendant did not take the position that it could cease the Plaintiffs' benefits at any time. The Defendants never indicated that they intended to cease the benefits to the Plaintiffs, and all of the Defendant's past actions – from deferring and raising the cap thirteen years to providing benefits in excess of the cap when implementing it in 2006 – were to the contrary. The fact that the Court's decision construed the collective bargaining agreements to provide for vested health care benefits – only at retirement and subject to the cap, *i.e.* exactly what Plaintiffs argued against – does not amount to achieving "some degree of success on the merits."

Finally, the undersigned has thoroughly reviewed the case law cited by each of the parties in support of their position. The Court finds it appropriate to address <u>Carlson v. HSBC-North Am. (US) Ret. Income Plan</u>, No. 12-1209-cv, 2013 WL 4838835, at *2-3 (2d Cir. Sept. 12, 2013), which the Plaintiffs rely upon heavily in their brief. In <u>Carlson</u>, the Court of Appeals found that the plaintiff's filing of her suit prompted the defendants to change how they credited years of service under their retirement benefits plan. <u>Id.</u> at 7. The change prompted by the filing of the suit "provided Carlson with most of the benefits she sought." <u>Id.</u> The trial court refused to award fees and costs because there was no judicial determination in her favor. <u>Id.</u> In overturning the trial court's decision, the Court of Appeals for the Second Circuit held the fact that the defendant's change in position came prior to a judicial adjudication did not preclude an award of fees and costs. The Court of Appeals also reasoned that, despite receiving an interest rate below the rate she advocated, plaintiff had still achieved "some degree of success on the merits." <u>Id.</u> at 8.

10

The Court finds that Carlson does not support a finding that the Plaintiffs in this case achieved "some degree of success on the merits." First, the Court would note that Carlson is a decision of the Court of Appeals for the Second Circuit, which renders it to be at most persuasive, but not binding, authority. Moreover, its precedential value is limited by the fact that it is a summary order. The Court of Appeals itself instructs that, because the Carlson ruling is made through a summary order it does "not have precedential effect."

Second, the Court finds that the question presented to the Court of Appeals in Carlson is not analogous to Plaintiffs' argument in the instant case. In Carlson, there was not a judicial determination in plaintiff's favor, because defendant had modified its conduct to afford most of the relief requested by plaintiff. In this case, Defendant did not modify its conduct or change its position prior to a judicial adjudication. Rather, there have been two adjudications of the merits of Plaintiffs position, along with the review afforded based upon Plaintiffs' request for reconsideration. Each of these adjudications was in favor of the Defendant and found that the Defendant was not required to modify its conduct under the Plan. Unlike Carlson, the Defendant herein has not modified its conduct or its position as a result of the Plaintiffs' filing of this suit rather than a judicial adjudication.

Finally, the Court finds that the Plaintiff has not achieved a reduced victory that would be tantamount to the change in Carlson, even accounting for the fact that the plaintiff in Carlson was awarded interest of roughly 3.39% on her delayed payments rather than 9%. The Plaintiffs here were not awarded any type of monetary damages or interest.

Accordingly, the Court finds that the Plaintiffs' reliance on Carlson is misplaced, and the Court finds that Carlson does not support a determination that the Plaintiffs achieved "some degree of success on the merits."

Based upon the foregoing, the Court finds that the Plaintiffs did not demonstrate that they achieved "some degree of success on the merits." See Hardt, 560 U.S. at 245. Accordingly, the undersigned finds that it would not be appropriate for the Court to exercise its discretion to award attorneys' fees and costs to the Plaintiffs pursuant to 29 U.S.C. § 1132(g)(1). Because the undersigned finds that the Plaintiffs have not demonstrated the requisite degree of success and because the Supreme Court of the United States has indicated that factors like the King factors should only be considered after the requisite degree of success has been demonstrated, the undersigned finds that it is not appropriate to weigh the King factors.

## IV.  CONCLUSION

Accordingly, the Court finds that the Plaintiffs' Motion for Award of Attorneys' Fees and Expenses **[Doc. 586]** is not well-taken, and for the reasons stated herein, the undersigned **RECOMMENDS**[3] that it be **DENIED**.

>Respectfully Submitted,
>
>   s/ C. Clifford Shirley, Jr.
>United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within **fourteen (14) days** after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).